# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

CHRISTOPHER M. SAUNDERS,

        Plaintiff,

v.                                   CIVIL ACTION NO. 3:18-cv-0960

TERRI D. SAUNDERS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present Complaint in this Court on May 24, 2018. ECF No. 2. In his Complaint, Plaintiff asks this Court to issue an injunction to prevent his brothers from turning off his father's internal defibrillator. Because Plaintiff filed his case pro se, this matter was referred to Magistrate Judge Cheryl Eifert pursuant to the District's standing order relating to persons proceeding pro se. ECF No. 3. For reasons appearing to the Court, this matter is now **UNREFFERED** from Magistrate Judge Cheryl Eifert. For reasons set forth herein, Plaintiff's Complaint, ECF No. 2, is **DISMISSED** for lack of subject matter jurisdiction and Plaintiff's Application to Proceed without Prepayment of Fees and Costs, ECF No. 1, is **DISMISSED as moot**.

The boundaries of subject matter jurisdiction define a court's "statutory or constitutional power to adjudicate [a] case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). "[The] concept of subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Because the requirement of subject matter jurisdiction is so vital, "courts are obligated to consider sua sponte"

issues pertaining to subject matter jurisdiction even when the parties have not presented them. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). *See also Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 150 (1908) (noting that courts must "see to it" that the boundaries of jurisdiction are not exceeded).

Federal courts are empowered to adjudicate cases that arise under federal law. 28 U.S.C. § 1331 (2018) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). A case only arises under federal law, however, "when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Mottley*, 211 U.S. at 150. *See also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 ("The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

Plaintiff, proceeding pro se, filed his Complaint by completing a form Complaint and Request for Injunction. ECF No. 2. The form Complaint used in this District includes a section titled "Basis for Jurisdiction." *Id*. Plaintiffs completing the form Complaint are given the choice between marking a checkbox for federal question jurisdiction or marking one for diversity of citizenship jurisdiction. *Id*. In this section, Plaintiff marked that the basis for this Court's jurisdiction is federal question. *Id*.

After the checkboxes, the form's jurisdiction section then goes on to instruct, "List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." ECF No. 2. Plaintiff, though he indicated that the basis of the Court's jurisdiction lies in federal question jurisdiction, failed to complete this section of the form Complaint. ECF No. 2. Indeed, Plaintiff left the section completely blank. *Id*. After careful review

of the remainder of Plaintiff's Complaint, the Court has identified no other information that supports a finding of federal question jurisdiction. There are no Constitutional arguments advanced nor are there any references to federal law at any other point in the Complaint. Accordingly, the Court finds that the face of Plaintiff's Complaint does not indicate a federal question and that the Court therefore lacks subject matter jurisdiction over this matter.[1]

Finding that Plaintiff's Complaint does not, on its face, present a federal question, the Court therefore finds that it does not have subject matter jurisdiction such that it may properly adjudicate Plaintiff's claims. Accordingly, the Court **DISMISSES** Plaintiff's Complaint, ECF No. 2, for lack of subject matter jurisdiction. Plaintiff's Application to Proceed without Prepayment of Fees and Costs, ECF No. 1, is **DISMISSED as moot**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: May 24, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that federal subject matter jurisdiction may also be rooted in diversity jurisdiction. 28 U.S.C. § 1332 (2018) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . ."). In order to invoke diversity jurisdiction, however, a Plaintiff must plead both diversity jurisdiction and sufficient "facts from which the existence of such jurisdiction [can] properly be inferred." *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998). Plaintiff did neither in the present Complaint. *See* ECF No. 2. Accordingly, the Court cannot properly exercise jurisdiction on the basis of diversity jurisdiction.